IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ERIC WATKINS | § | |
| VS. | § | CIVIL ACTION NO. 1:11-CV-98 |
| LIEUTENANT MARTINEZ, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Eric Watkins, a former prisoner, proceeding *pro se*, filed this civil rights action pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Lieutenant Martinez, Correctional Officer K. Hinson, Correctional Officer Bijou, and the Federal Bureau of Prisons. Defendants Martinez, Hinson, and Bijou were employed at the medium security federal prison in Beaumont, Texas, where plaintiff was previously confined.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff alleges defendants Martinez, Hinson, and Bijou used excessive force against him on October 15, 2008, while they were escorting him to a cell. When plaintiff refused to enter the cell because it was occupied by another inmate, defendants allegedly dragged, pushed and pulled him toward the cell, and then they slammed his head into the ground. Plaintiff alleges the Bureau of Prisons is responsible for the use of excessive force for failing to properly train employees.

Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989);

*McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555.

<u>Analysis</u>

A victim who has suffered a constitutional violation by a federal actor may recover damages in federal court. *See Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971). A *Bivens* action is analogous to an action brought under 42 U.S.C. § 1983. The only difference is that § 1983 applies to constitutional violations by state, rather than federal, officials. *Abate v. Southern Pac. Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993).

There is no federal statute of limitations for *Bivens* actions. Federal courts borrow the forum state's general personal injury limitations period, which is two years in Texas. *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999), *cert. denied*, 539 U.S. 1274 (2000). Federal law determines the date the cause of action accrues. *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). Under federal law, accrual begins "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (internal quotation marks and citation omitted). The plaintiff does not need to know that he has a legal cause of action, he only needs to know the facts that would support a legal claim. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

The district court may *sua sponte* dismiss a complaint pursuant to § 1915(e) if it is clear from the face of the complaint that the claims are barred by the statute of limitations. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). Plaintiff's cause of action accrued on October 15, 2008, the date on which the alleged excessive force took place. This civil rights action was filed on February 24, 2011, four months after the statute of limitations expired. Therefore, this action is barred by the statute of limitations and should be dismissed pursuant to 28 U.S.C. § 1915(e).

## Recommendation

This civil rights action should be dismissed pursuant to 28 U.S.C. § 1915(e).

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED** this   21   day of   December  , 2012.

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE