**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

ERIC WATKINS                              §

VS.                                       §        CIVIL ACTION NO.  1:11-CV-98

LIEUTENANT MARTINEZ, ET AL.               §

ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ACCEPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Eric Watkins, a former prisoner, proceeding *pro se*, filed this civil rights action pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Lieutenant Martinez, Correctional Officer K. Hinson, Correctional Officer Bijou, and the Federal Bureau of Prisons.

The Court ordered that this matter be referred to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court.  The Magistrate Judge recommends dismissing the action pursuant to 28 U.S.C. § 1915(e).

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings.  Plaintiff filed objections to the Magistrate Judge's Report and Recommendation.

**NOT FOR PRINTED PUBLICATION**

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  After careful consideration, the Court concludes the objections are without merit.

The statute of limitations for a *Bivens* action filed in Texas is two years from the date the cause of action accrued.  *Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998).  Plaintiff filed this action on February 24, 2011, alleging that the defendants used excessive force against him on October 15, 2008.  Because this action was filed more than two years after plaintiff's cause of action accrued, the Magistrate Judge recommended dismissing the action as frivolous pursuant to 28 U.S.C. § 1915(e).  *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (holding that a civil action is properly dismissed as frivolous if it is clear from the face of the complaint that the claims are barred by the statute of limitations, the action is properly dismissed as frivolous).

In his objections, plaintiff contends that the statute of limitations did not begin to run until he completed the exhaustion process on March 16, 2009.  Plaintiff correctly states that prison inmates are required to exhaust available administrative remedies before filing a lawsuit in federal court.  42 U.S.C. § 1997e(a).  Due to the exhaustion requirement, the limitations period is tolled while an inmate exhausts administrative remedies.  *Harris v. Hegmann*, 198 F. 3d 153, 158 (5th Cir. 1999).  However, because plaintiff was released from prison before he filed this action, neither the exhaustion requirement, nor the tolling provided for in *Harris,* apply to his case.  *Watkins v. Three Admin. Rem. Coordinators*, Civil Action No. 1:11-CV-553 (E.D. Tex. Aug. 9, 2019); *Watkins v. Gentry*, Civil Action No. 1:11-CV-377 (E.D. Tex. Mar. 2, 2018).  Therefore, the Magistrate Judge

**NOT FOR PRINTED PUBLICATION**

correctly concluded that this action is barred by the statute of limitations and is subject to dismissal under § 1915(e).

### ORDER

Accordingly, plaintiff's objections (docket entry #23) are **OVERRULED**.  The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge (docket entry #21) is **ACCEPTED**.  A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation.

So ORDERED and SIGNED, Sep 21, 2020.

_____
Ron Clark
Senior Judge